### 29535. GILES v. THE STATE.

BROYLES, C. J. 1. The evidence connecting the accused with the offense charged (possessing more than one quart of whisky in a "dry" county) was not wholly circumstantial, and therefore the court did not err in

failing to instruct the jury upon the law of circumstantial evidence, there being no request for such a charge.

2. The solicitor-general, in his concluding argument, made the following statement to the jury: "You have heard the evidence in this case, and if he [the defendant] is guilty of selling liquor, as he says, it should be stopped, because we have had too many sad incidents almost in our immediate presence." Defendant's counsel immediately made a motion for a mistrial, and the motion was overruled by the court without any rebuke to the solicitor-general and without any instructions to the jury to disregard the statement. The following part of the statement: "because we have had too many sad incidents almost in our immediate presence," was not authorized by any portion of the evidence and was calculated to prejudice the defendant's cause. See *Hudson* v. *State*, 101 *Ga.* 520 (3), 524 (28 S. E. 1010). Under repeated rulings of the Supreme Court and of this court, a prejudicial statement made by the solicitor-general in his closing argument is cause for a mistrial where the statement is not authorized by the evidence and where the solicitor-general is not rebuked and where the jury are not instructed to disregard the statement. The refusal to grant a mistrial was reversible error.

3. The question that the sentence imposed on the accused was illegal is raised for the first time in the brief of counsel for the plaintiff in error, and can not be considered by this court.

4. The sufficiency of the evidence to support the verdict is not passed on.
   *Judgment reversed. MacIntyre and Gardner, JJ., concur.*

DECIDED MAY 13, 1942.

*W. Tom Veazey, T. Reuben Burnside,* for plaintiff in error.
*J. Cecil Davis, solicitor-general,* contra.

