## 50086. JOHNSON v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted by jury of two counts of aggravated assault, one count of carrying a concealed weapon and one count of carrying a pistol without a license. The trial judge imposed the sentence on the authority of the new Criminal Procedure Act (Ga. L. 1974, p. 352; Code Ann. § 27-2301), which provides: "Upon a verdict of guilty the sentence shall be imposed by the judge, as provided by law." The effective date of that new Code provision was July 1, 1974. Code Ann. § 102-111. The offenses involved in this case occurred on April 3, 1974, and the appellant was convicted and sentenced on July 18, 1974.

Appellant contends that the trial judge violated the

Constitution (U. S. Constitution, Art. I, Sec. 9, Par. 3 (Code § 1-128); Georgia Constitution, Art. I, Sec. III, Par. II (Code Ann. § 2-302) "No . . . ex post facto law, . . . shall be passed.") by applying Code Ann. § 27-2301 to a crime committed before the effective date of the Act, thus depriving him of his "substantial right" to have his sentence determined by a jury. *Held:*

1.  While this claim appears to have merit, at least as to the felony offenses (see *Winston v. State,* 186 Ga. 573 (198 SE 667); but see the last paragraph of *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678) and *Muckle v. State,* 233 Ga. 337 (211 SE2d 361)), we note that appellant registered no objection to being sentenced by the judge. This court cannot adjudicate a question that has not been properly presented to the lower court. " '. . . A court of review is to correct errors of the lower court, and the judge in the lower court can not err as to a matter which he is not called upon to adjudicate.' *Hamilton v. State,* 169 Ga. 613, 616 (151 SE 17)." *Nichols v. State,* 111 Ga. App. 699, 700 (143 SE2d 41). " 'A party can not during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later.' *Joyner v. State,* 208 Ga. 435 (2) (67 SE2d 221)." *Collier v. State,* 223 Ga. 867, 868 (159 SE2d 73). This rule has been applied to objections pertaining to sentencing procedures raised for the first time on appeal. *Bowman v. State,* 231 Ga. 220 (2) (200 SE2d 880); *Young v. State,* 125 Ga. App. 204 (4) (186 SE2d 805) (constitutionality of Code section, Code Ann. § 27-2534, that allows the trial judge to fix punishment when the jury cannot agree within a reasonable time); *Hensley v. State,* 228 Ga. 501, 504 (4) (186 SE2d 729) (admissibility during sentencing of a conviction which occurred prior to the sentencing Act); *Brackett v. State,* 227 Ga. 493 (181 SE2d 380) (application of a sentencing Act to a crime committed before the effective date of the Act); *Giles v. State,* 67 Ga. App. 357 (3) (20 SE2d 211) (illegality of the sentence imposed on accused). We deem the rule to be applicable to this case and, therefore, we can not pass on this enumeration.

2.  Appellant contends that the evidence does not support the jury finding of guilty of carrying a concealed weapon. One of the victims was the only prosecution

witness who observed where the appellant had the pistol just before the shooting. He testified that appellant "put his hand in his shirt" then as the victim was walking out the door the appellant shot him. On cross examination the witness testified on three different occasions that appellant "put his hand up under his shirt" just before the shooting. There being no evidence to contradict this testimony, and no evidence that the pistol came from any place other than from underneath the appellant's shirt, the evidence is sufficient to support the verdict of guilty of carrying a concealed weapon.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED FEBRUARY 20, 1975.

*Gardner, Eckhardt & Lee, Sherman Willis,* for appellant.

*William S. Lee, District Attorney, Robert E. Baynard, Assistant District Attorney,* for appellee.