## 56847. SIMMONS v. THE STATE.

BANKE, Judge.

The defendant was convicted of theft by taking (motor vehicle). He enumerates as error the trial judge's imposition of sentence under Code Ann. § 26-1812, the general punishment statute for theft by taking, rather than under Code Ann. § 26-1813, the specific punishment statute for theft of a motor vehicle.

The defendant pled guilty to one count of theft by taking (motor vehicle) and to four recidivist counts. At least one of these prior convictions was for motor vehicle theft. Code Ann. § 26-1812 states in part that the punishment for motor vehicle theft is "imprisonment for not less than one and not more than 10 years. . ." Code Ann. § 26-1813 (b) provides that a person convicted of a second motor vehicle theft is to " . . . be punished by imprisonment in the penitentiary for not less than five nor more than 10 years." Thus, under either statute the 10-year sentence imposed by the trial judge was authorized; but once he found that section 26-1812 was the applicable punishment statute, he was required to sentence the defendant to the maximum sentence of 10

years. See Code § 27-2511.

Both parties on appeal have expressed their confusion as to which of these two statutes the legislature intended to control in the sentencing of persons convicted of motor vehicle theft. Admittedly, the Code is unclear in this regard. However, as the state correctly points out, the 1978 amendment to Code Ann. § 26-1812 (Ga. L. 1978, pp. 1457, 1458 (eff. July 1, 1978)) seems to have impliedly repealed Code Ann. § 26-1813. The preamble to this Act states that its purpose is "to change the penalty provisions relating to the crimes of theft; to repeal conflicting laws..." Section 1 of the Act then amends section 26-1812 by changing the property value at which theft of property becomes a felony from $100 to $200. Section 2 implements the repealer of "All laws and parts of laws in conflict with this Act..."

When statutes are in conflict, the courts are bound to abide by the most recent legislative expression (see *Tomblin v. S. S. Kresge Co.,* 132 Ga. App. 212 (6) (207 SE2d 693) (1974)); and, therefore, the trial judge did not err in imposing sentence in accordance with Code Ann. § 26-1812. If the legislature did not intend its 1978 amendment to section 26-1812 to have this effect, it can clarify the relationship between these two apparently conflicting statutes in its upcoming legislative session.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED NOVEMBER 13, 1978 — DECIDED DECEMBER 1, 1978.

*J. H. Affleck, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.