## 63668. SEARCY v. THE STATE.

MCMURRAY, Presiding Judge.

Defendant Searcy and co-defendant Bell were indicted for the offenses of motor vehicle theft and theft by taking. Defendant was tried separately from the co-defendant. No disposition had been made as to the co-defendant at that time. The jury returned a verdict

of guilty of motor vehicle theft but not guilty of theft by taking of the $200 from the vehicle. Defendant appeals. *Held:*

1. Shortly before the alleged theft the victim was driving his automobile at approximately 12:30 a.m. or 12:45 a.m. and was "bumped" by another vehicle. Both vehicles pulled over to the side of the expressway, and the victim left his vehicle, leaving the keys in the ignition and the motor running, and walked back to the other vehicle operated by the co-defendant. While the victim and the co-defendant were in the process of exchanging tag numbers the passenger (a black male) in co-defendant's vehicle jumped out, ran up to the victim's automobile, jumped in the vehicle and drove it off. Two hundred dollars in change which the victim, an owner-operator of a service station, had left in the seat of his vehicle, was missing when the vehicle was recovered. The co-defendant also fled the scene in his automobile but was later apprehended. The police obtained the name of defendant from the co-defendant and arrested defendant shortly thereafter in the same vicinity in which the stolen vehicle had been abandoned.

The only evidence identifying the defendant allegedly riding in the vehicle with the co-defendant and subsequently leaving that vehicle and allegedly stealing victim's motor vehicle is the testimony of the accomplice, the co-defendant.

The victim could not identify the defendant as the passenger. His testimony was that the passenger took the automobile. In a felony prosecution where the only witness against the defendant is an accomplice, a conviction may not be had unless the testimony of the accomplice is corroborated. See Code § 38-121. Further, the distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused, and "insofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime." *West v. State,* 232 Ga. 861, 865 (209 SE2d 195). The state acknowledges this general rule that the mere presence at the scene of the crime is not sufficient to convict a defendant of being a party to the crime but relies upon the proposition that presence, companionship and conduct before and after the offense are circumstances from which one's participation in the crime may be inferred. See *Jones v. State,* 242 Ga. 893, 894 (2) (252 SE2d 394). Defendant was later found at approximately 1:45 a.m. at a pay telephone at a shopping center near the location on the expressway where the stolen vehicle was abandoned. When approached by a police officer he did not have any identification but truthfully gave his name to the officer and told the officer he had been dropped off by

someone whom he did not identify. At that time it had started to rain and the clothing on his shoulder area was wet.

All that is required to corroborate the accomplice's testimony is slight evidence of defendant's identity and participation in the crime. *Cummings v. State,* 240 Ga. 104, 105 (239 SE2d 529).

The evidence relied upon by the state corroborates the accomplice's testimony albeit some of this testimony could establish that defendant was merely in the vicinity of the automobile's location after the theft. All of the facts and circumstances connect the defendant to the stolen automobile independently of the accomplice's testimony. While this evidence only shows the defendant had been walking in the rain near the vicinity in which a stolen vehicle was abandoned, and presence alone near the scene will not authorize a conviction, yet this testimony corroborates the accomplice's testimony that the defendant took the victim's automobile. "[T]he quantum of testimony and its sufficiency to corroborate the testimony of an accomplice before a jury is a matter addressed entirely to the jury itself." *Brown v. State,* 163 Ga. 684, 685 (3), 691-692 (137 SE 31). Under the facts and circumstances of the case sub judice the jury was authorized to find the defendant guilty. Presence and conduct either before or after the offense are circumstances from which one's participation in the crime may be inferred. *Thornton v. State,* 119 Ga. 437, 439 (46 SE 640); *Jones v. State,* 242 Ga. 893, supra; *Kimbro v. State,* 152 Ga. App. 893 (264 SE2d 327); *Slack v. State,* 159 Ga. App. 185, 189 (3) (283 SE2d 64). Clearly, the combination of the co-defendant's testimony and defendant's presence and conduct after the crime present a totality of circumstances sufficient to support defendant's conviction of motor vehicle theft. A rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt. *Drake v. State,* 245 Ga. 798, 799 (267 SE2d 237); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628); *Kimbro v. State,* 152 Ga. App. 893, 894, supra.

2. The second enumeration contends that the trial court erred by imposing a sentence which was ex post facto in application, the trial court having sentenced the defendant to 15 years. The trial judge was of the opinion that under Code Ann. § 26-1812 (c.1) (1) (Ga L. 1968, pp. 1249, 1295; 1972, pp. 841, 842; 1978, pp. 1457, 1458; 1981, p. 1576), approved April 17, 1981, but under law effective July 1, 1981, the indictment and evidence showing the crime occurred May 27, 1981, he was authorized to sentence the defendant to a term of not less than one year nor more than twenty years. But unless a different effective date is specified in an Act as approved by the Governor on or after the first day of January and prior to the first day of July of the

calendar year, it becomes effective on July 1. Code Ann. § 102-111 (Ga. L. 1968, pp. 1364, 1365; 1969, p. 7). Compare *Johnson v. State,* 134 Ga. App. 67, 68 (1) (213 SE2d 170). After the conviction of the defendant both the trial judge and counsel were somewhat confused as to whether Code Ann. § 26-1813 (Ga. L. 1968, pp. 1249, 1295; 1969, pp. 857, 861), now repealed by Georgia Laws 1981, pp. 1576, 1578, effective July 1, 1981, or Code Ann. § 26-1812, supra, was controlling. However, in *Simmons v. State,* 148 Ga. App. 317 (251 SE2d 167) (1978), a somewhat similar case as to motor vehicle theft and the same confusion of these two statutes, this court held the trial court did not err in imposing sentence in accordance with Code Ann. § 26-1812, supra, but prior to the 1981 amendment. Accordingly, based upon the law as to the punishment at the time this crime was committed and not the time of trial, the proper sentence was not less than one and not more than ten years. See *Simmons v. State,* 148 Ga. App. 317, supra. Accordingly, the sentencing phase of this case is reversed, and the case is remanded for the trial court to enter proper sentencing in accordance with the statute in effect at the time the crime was committed.

3. In the next enumeration of error the defendant contends that the trial court erred in failing to charge the jury on the specific offense of motor vehicle theft. No written request that the definition of motor vehicle theft as shown in Code Ann. § 26-1813, supra, now repealed, see above, was made by the defendant, that is, if such an instruction would be proper. Motor vehicle theft is not a separate crime from the general theft statute, and the court properly charged on the crime of theft by taking. See Code Ann. § 26-1802 (Ga. L. 1968, pp. 1249, 1290; 1974, pp. 468, 469; 1975, pp. 876, 877; 1978, pp. 2257, 2258). *Chandler v. State,* 138 Ga. App. 128, 129 (1) (225 SE2d 726). There is no merit in this complaint.

4. The trial court did not err in refusing to charge the law on lesser included offenses, such as criminal trespass and entering an automobile because the evidence did not warrant such charges. Here the defendant's not guilty plea and defense was that the evidence was insufficient to identify him as the person taking the automobile. The state's evidence clearly showed the defendant ran from one automobile in which he was a passenger and jumped into the victim's car and drove it away. Thus, he entered the automobile for the unlawful purpose of intentionally depriving the owner of it. It is never error for a trial court to refuse to charge on a lesser included offense, even though requested in writing, when the evidence does not reasonably raise the issue that the defendant may only be guilty of the lesser offense. See *Quick v. State,* 139 Ga. App. 440, 443 (5) (228 SE2d 592); *Collins v. State,* 146 Ga. App. 138 (2) (245 SE2d 488). There is no

merit in this complaint.

*Judgment affirmed as to the conviction; reversed as to the sentence. Banke and Birdsong, JJ., concur.*

DECIDED MAY 19, 1982 —
REHEARING DENIED JUNE 24, 1982 — 

*David G. King, Michael E. Hancock,* for appellant.
*Robert E. Wilson, District Attorney, Tom Clegg, Ann Poe Mitchell, Assistant District Attorneys,* for appellee.