## A11A1720. PALEVEDA v. THE STATE.

(718 SE2d 329)

MIKELL, Judge.

Following a hearing, Anthony Paleveda entered a plea of guilty pursuant to *North Carolina v. Alford*[1] to enticing a child for indecent purposes[2] (Count 2) and a non-negotiated guilty plea to two counts of child molestation[3] (Counts 3 and 4).[4] Pursuant to OCGA § 17-10-6.2,[5] Paleveda was sentenced to fifteen years, to serve ten in confinement and the balance on probation, on each of Counts 2, 3, and 4, with the sentences to be served concurrently. Paleveda appeals, challenging the constitutionality of OCGA §§ 16-6-5 and 17-10-6.2. Careful review of the record and of the transcript of the guilty plea hearing in this case reveals, however, that constitutional objections to these Code sections were not raised at any time prior to this appeal nor were they ruled upon by the trial court. "It is well settled that such questions must be raised at the first opportunity and cannot be raised for the first time in this [C]ourt."[6] Accordingly, because this claim was not raised and ruled upon in the trial court, it has not been preserved for appellate review.[7]

*Judgment affirmed. Smith, P. J., and Dillard, J., concur.*

### DECIDED NOVEMBER 4, 2011.

*Ashleigh B. Merchant*, for appellant.

*Donald R. Donovan, District Attorney, Steven J. Messinger, Assistant District Attorney*, for appellee.

---

[1] 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970).

[2] OCGA § 16-6-5 (a).

[3] OCGA § 16-6-4 (a).

[4] An order of nolle prosequi was entered on Count 1, aggravated child molestation (OCGA § 16-6-4 (c)).

[5] OCGA § 17-10-6.2 provides for mandatory minimum sentences for sexual offenses except in limited circumstances not applicable here. See OCGA § 17-10-6.2 (a) (5), (6); (b).

[6] (Citations omitted.) *Bowman v. State*, 231 Ga. 220, 221 (2) (200 SE2d 880) (1973). Accord *Hammontree v. State*, 283 Ga. App. 736, 738 (1), n. 2 (642 SE2d 412) (2007); *Johnson v. State*, 134 Ga. App. 67, 68 (1) (213 SE2d 170) (1975) ("A court of review is to correct errors of the lower court, and the judge in the lower court can not err as to a matter which he is not called upon to adjudicate") (citations and punctuation omitted).

[7] See *Beaver v. State*, 308 Ga. App. 380, 381 (1) (707 SE2d 590) (2011).