# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2016

*The Court of Appeals hereby passes the following order:*

**A17A0589.  VICTOR B. HARRIS v. THE STATE.**

In 2003, a jury found Victor Harris guilty of one count of aggravated child molestation and two counts of child molestation.  The trial court imposed a 20-year prison term on the aggravated child molestation conviction, to be followed by concurrent 10-year prison terms on the remaining convictions.  We affirmed Harris's judgment of conviction in an unpublished opinion on direct appeal.  *Harris v. State*, No. A05A1280 (Sept. 22, 2005).

In July 2016, Harris filed a motion to correct an illegal and/or void sentence, arguing that the trial court erred by failing to consider on the record whether to exercise its discretion under OCGA § 17-10-6.2 (c) to impose sentences below the mandatory minimums.  The trial court denied Harris's motion, and he filed this direct appeal.  We lack jurisdiction.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, Harris does not claim that his sentences fell outside the statutory range of punishments.[1]  Because Harris has not raised a valid void-sentence claim, we lack jurisdiction to consider his appeal, which is hereby DISMISSED.  See *Burg*, 297 Ga. App. at 120.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/30/2016*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[1] In any event, OCGA § 17-10-6.2 had not yet been enacted when Harris was convicted and sentenced in 2003 and thus does not apply here.  See Ga. L. 2006, p. 379, § 21; *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed).