# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2017

*The Court of Appeals hereby passes the following order:*

**A18A0435.  ISAAC BEASLEY v. THE STATE.**

In 2012, a jury found Isaac Beasley guilty of rape, aggravated sodomy, kidnapping with bodily injury, and aggravated assault.  Each of the crimes occurred in 1999.  The trial court imposed a twenty-year prison sentence for the rape conviction, a consecutive ten-year prison sentence for the aggravated sodomy conviction, a concurrent sentence of life in prison for the kidnapping conviction, and a concurrent ten-year prison sentence for the aggravated assault conviction.  This Court affirmed the denial of Beasley's motion for a new trial following his judgment of conviction in an unpublished decision in 2015, and our remittitur issued later that year. *Beasley v. State*, No. A14A1522 (Mar. 16, 2015).

In February 2017, Beasley filed a motion to correct a void sentence, in which he argued, without elaboration, that the trial court imposed punishment that the law does not allow.  The trial court denied Beasley's motion on August 2, 2017, and he filed a notice of appeal on September 13, 2017.  We lack jurisdiction for two reasons.

First, a notice of appeal must be filed within 30 days of entry of the order sought to be appealed.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Rowland v. State*, 264 Ga. 872, 872 (1) (452 SE2d 756) (1995).  Because Beasley filed his notice of appeal 42 days after entry of the trial court's order, his appeal is untimely.

Second, a direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence

is, in fact, void.[1]  See *Harper v. State*, 286 Ga. 216, 217, n. 1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).  "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).  When a sentence is within the statutory range of punishment, it is not void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Here, each of Beasley's sentences is within the statutory range of punishment. See OCGA §§ 16-6-1 (b); 16-6-2 (b) (1999) (rape and aggravated sodomy may be punished by prison sentences of ten to twenty years); OCGA § 16-5-40 (b) (1999) (kidnapping with bodily injury may be punished by life imprisonment); OCGA § 16-5-21 (b) (1999) (aggravated assault may be punished by a prison sentence of one to twenty years); see also *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982) (this Court applies the sentencing law in effect at the time the crime was committed).  Because Beasley has not raised a valid void-sentence claim, we lack jurisdiction to consider this appeal.  See *Harper*, 286 Ga. at 218 (2).

For each of the above reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/13/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.

[1] Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010).  Once, as here, this statutory period expires, a trial court may modify only a void sentence.  Id.