# Court of Appeals
# of the State of Georgia

ATLANTA,  April 10, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1272. JARAD ELVIS MCCOY v. THE STATE.**

In 2013, Jarad Elvis McCoy pled guilty to the sale of methamphetamine (count one), possession of methamphetamine with intent to distribute (count two), and illegal use of a communication facility (count three), for acts committed in 2013. The trial court imposed concurrent sentences of twelve years in prison followed by twenty-four years of probation for count one, twelve years in prison followed by twenty-four years of probation for count two, and four years in prison for count three. The record contains no indication that McCoy filed a direct appeal from his judgment of conviction.

In 2017, McCoy filed a motion to correct void sentence, claiming that he was improperly sentenced as a recidivist because he had fewer than the three prior felony convictions necessary for recidivist sentencing. The trial court denied the motion, and McCoy filed this appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Whether a sentence amounts to punishment that the law does not allow depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally follows from a finding of such factual or adjudicative predicates." *von Thomas v. State*, 293 Ga. 569, 571-572 (2) (748 SE2d

446) (2013) (punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). *Jones*, 278 Ga. at 670. A direct appeal may lie from an order denying a motion to vacate a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009).

McCoy has failed to raise a colorable claim that his sentences are void. The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c). *von Thomas*, 293 Ga. at 572 (2). However, a claim that the State failed to prove the existence or validity of a prior conviction may be waived and therefore does not present a colorable claim that an ensuing enhanced sentence is void. Id. at 572-573 (2). McCoy's argument that he did not have the three prior felony convictions required to impose a recidivist sentence under OCGA § 17-10-7 (c) challenges the existence or validity of the factual predicates for the sentences and thus is not a claim that the court imposed a punishment not allowed by law.

Moreover, even if McCoy erroneously had been deemed a recidivist in this case, a trial court may impose a sentence of thirty-six years for both the sale of methamphetamine and possession of methamphetamine with intent to distribute. See OCGA §§ 16-13-26 (3) (b); 16-13-30 (b), (d).[1] Likewise, a trial court may impose a

---

[1] These statutes are unchanged in relevant part since 2013.

sentence of four years for illegal use of a communication facility. OCGA § 16-13-32.3 (b).[2] Thus, McCoy's sentences are not more severe than the law allows, and are not void. See *Brown v. State*, 295 Ga. App. 66, 67-68 (670 SE2d 867) (2008).

Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  04/10/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*

---

[2] This statute is unchanged since 2013.