# Court of Appeals
# of the State of Georgia

ATLANTA,  July 19, 2021

*The Court of Appeals hereby passes the following order:*

**A21A1767. JESSIE J. ASKEW, JR. v. THE STATE.**

In 1998, a jury found Jessie Askew, Jr., guilty of armed robbery and other offenses, and the trial court sentenced him, as a recidivist, to life in prison without the possibility of parole. We affirmed his convictions and sentences on direct appeal, concluding, in relevant part, that, under the applicable statutory scheme, "the trial court was mandated in this case to sentence Askew to life imprisonment without parole." *Askew v. State*, 254 Ga. App. 137, 144 (11) (564 SE2d 720) (2002).

In April 2021, Askew filed a "Motion for Resentencing Under Substantive Change in Law," in which he contended that he should receive the benefit of OCGA § 17-10-6.1 (e), which was enacted in 2013 and grants a trial court the authority to impose a sentence below the mandatory minimum in certain circumstances. See Ga. L. 2013, pp. 222, 233, § 8. The trial court denied the motion, and Askew filed this direct appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Moreover, a direct appeal does not lie from the denial of a motion to modify a

sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

A criminal defendant must be sentenced according to the sentencing law in effect at the time the crime was committed. See *Reed v. State*, 352 Ga. App. 30, 31 n. 1 (833 SE2d 712) (2019); *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982). Consequently, § 17-10-6.1 (e) – which was enacted after Askew was sentenced in this case – has no bearing on whether the trial court had the authority to impose a sentence of life in prison without the possibility of parole, pretermitting whether (a) that statute would have any bearing on Askew's sentence if it had been in effect when the crimes underlying his convictions were committed or when he was sentenced, and/or (b) Askew's request for a sentence modification is barred by the law of the case, given our ruling in Askew's direct appeal that the trial court was required to impose the sentence it did. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011) ("[A]ny issue that was raised and resolved in an earlier appeal is the law of the case and is binding on this Court . . . .") (punctuation omitted).

For the above reasons, Askew has not raised a colorable void-sentence claim, as a result of which this appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  07/19/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____ , *Clerk.*