# Court of Appeals
# of the State of Georgia

ATLANTA,_ August 29, 2022 _____

*The Court of Appeals hereby passes the following order:*

**A22A1679. RANDALL HARRIS v. THE STATE.**

In January 2007, a jury found Randall Harris guilty of aggravated sexual battery and child molestation for acts committed in June 2006. He was sentenced to serve 20 years in confinement for each count, to be served consecutively. His convictions were affirmed on appeal in an unpublished opinion. See *Harris v. State*, Case No. A13A1224 (decided Nov. 22, 2013). Harris subsequently filed an extraordinary motion for an out-of-time appeal, which the trial court denied. Harris appealed, and this Court dismissed the appeal as untimely. See *Harris v. State*, Case No. A20A1827 (decided May 14, 2020). In April 2020, Harris filed a motion to vacate a void sentence, which the trial court denied. Harris then filed this direct appeal.[1] We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe

---

[1] Harris filed his appeal in the Supreme Court of Georgia, which transferred the case to this Court. See Case No. S22A0994 (Dec. June 1, 2022).

punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion, Harris argued that the trial court lacked jurisdiction to enter his judgment of conviction, the rule of lenity required ambiguities in the sentencing scheme to be resolved in his favor, and his convictions merged as a matter of law. None of these are valid void sentence claims. Moreover, at the time Harris committed the crimes in June 2006, the maximum sentence for both aggravated sexual battery, OCGA § 16-6-22.2 (c) (2005), and child molestation, OCGA § 16-6-4 (d) (1) (2005), was 20 years in prison. Thus, Harris's sentences are within the statutory range of punishment and do not exceed that maximum punishment allowed by the law. See *Reed v. State*, 352 Ga. App. 30, 31 n. 1 (833 SE2d 712) (2019); *Searcy v. State*, 162 Ga. App. 695, 698 (2) (291 SE2d 557) (1982).

Because Harris has not raised any colorable claim that his sentence is void, the trial court's order denying his motion is not subject to direct appeal. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009) (a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void). Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  08/29/2022

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

*Stephen E. Castlen*
, *Clerk.*