## A09A2127. BOYD v. THE STATE.

(691 SE2d 325)

BARNES, Judge.

A jury convicted Steven Wayne Boyd of armed robbery and robbery by force, and the trial court sentenced him as a recidivist to life in prison for the first offense and to 20 years for the second offense, to be served concurrently. He appeals, contending that the evidence was insufficient to sustain his convictions; that the trial court erred in denying two of his evidentiary objections; and that his recidivist sentence was improper.

1. We view the evidence on appeal in the light most favorable to the verdict, and no longer presume the defendant is innocent. We do not weigh the evidence or decide the witnesses' credibility, but only determine if the evidence is sufficient to sustain the convictions. *Campbell v. State*, 278 Ga. 839, 840 (1) (607 SE2d 565) (2005). We construe the evidence and all reasonable inferences from the evidence most strongly in favor of the jury's verdict. Id.

Viewed in that light, the evidence at trial established that Boyd and Robert Lynn Hembree were indicted for armed robbery for using a knife to rob a woman on July 5, 2007, and for robbery by force for taking money from a victim 65 or older on July 8, 2007. Hembree pled guilty to the crimes, and as Boyd was being taken from the courthouse holding cell to the courtroom, he told the deputy sheriff attending him that he did not know why he was "still up here involved in all of this because all he did was drive" Hembree.

The victim of the first crime testified that Boyd had previously worked with her at a mini-storage facility, and came to her office on the morning of July 5 looking for the owner, who was out of town. Later that afternoon, a man charged into the victim's office brandishing a knife and struck her to the ground. He did not ask her any questions and seemed to know where to find the cash in the victim's desk. As the man was rummaging through the desk drawers, the victim crawled around to the front of the desk and ran out into the parking lot. The robber followed and again struck her to the ground, then ran off with two envelopes of cash he had taken from the victim's desk.

Hembree testified that Boyd, who was his stepfather, told him they could obtain some money by robbing a mini-storage facility where Boyd used to work. On July 5, 2007, Boyd dropped Hembree off near the facility, and Hembree went into the office and robbed the victim. The two men then split the proceeds and Hembree bought crack with his share. When the men ran out of money Boyd told Hembree about a second victim they could rob, who took home a box of money nightly from the store he owned.

On July 8, 2007, Boyd dropped Hembree off and directed him to

walk through the woods to the second victim's house and take his money box when he came home. Hembree waited by the victim's house until the victim drove up, then "bum-rushed him" while brandishing a big stick. Hembree took the money box and Boyd picked him up from the side of the road a few minutes later. The men split the money and Hembree threw the money box out the car window, then bought more crack. He testified that he confessed the crimes to the police when he was interrogated because at first he thought Boyd had already told on him, and noted, "Dope makes you do stupid stuff."

The family of the second victim, who lived close by, testified that when they came home July 8, 2007, a man was peering into the engine of a car in the driveway next to theirs, which was unusual because they lived in the country. They slowed to see if the man needed help, but instead of making eye contact he just turned away so the family continued up the drive to their house. After the family went inside they received a call that the victim had been robbed and as they left to attend to him they noticed the car in the driveway next door was gone.

An anonymous caller subsequently named Boyd and Hembree as the robbers, and the victim's three family members identified Boyd from a photographic lineup as the man they had seen on the night of the second robbery. Boyd told the officers he had been working on Hembree's car the day of the second robbery, and told them where the car was located. The officers found Hembree's car, which contained a pair of boots whose tread was "very similar" to footprints the robber left at the second victim's house. When brought in for questioning, Hembree made a "full confession" to the officers, and showed them the money box he had tossed from the car window after the July 8 robbery. Scattered near the box were credit card receipts from the victim's store and loose change.

We conclude that the evidence as outlined above was sufficient for a rational trier of fact to find Boyd guilty beyond a reasonable doubt of armed robbery and robbery by force. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Boyd asserts the trial court erred by denying his objection to one of the detective's testimony. The State asked the detective how he learned that Boyd had visited the mini-storage facility the day it was robbed, and he responded that he had learned that information on the day of the robbery. When asked how the subject came up, the detective responded the victim said "pretty much that it was strange, that she don't [sic] want to accuse him of anything, but it was just strange . . ." and Boyd objected, arguing that the victim had already testified and the detective could not now testify that the victim suspected Boyd was involved in the robbery. The trial court allowed

the testimony as part of the res gestae and to explain why the detective subsequently interviewed Boyd.

On appeal Boyd argues that the victim's out-of-court statement to the detective was testimonial in nature and thus inadmissible under *Crawford v. Washington*, 541 U. S. 36 (124 SC 1354, 158 LE2d 177) (2004) because the State failed to show the victim was unavailable and Boyd had no opportunity to cross-examine the victim about this statement. In *Crawford*, the United States Supreme Court ruled that the State's admission of a testimonial statement against the accused, who had no opportunity to cross-examine the witness, violated the Sixth Amendment. Id. at 68. *Crawford* does not apply, however, when the witness testifies. Pretermitting whether the victim's statement to the police was "testimonial" or not, "when a witness appears at trial for cross-examination, the confrontation clause places no constraints on the use of the witness' prior testimonial statements." *Overton v. State*, 295 Ga. App. 223, 237 (5) (671 SE2d 507) (2008). We find no error.

3. Boyd contends the trial court erred by denying his objection to the testimony of the deputy sheriff who brought him to the courtroom, who said Boyd basically admitted he had been driving Hembree. Boyd argues that this statement should have been suppressed because it was made while he was in custody, represented by counsel, and not given *Miranda* warnings, and was "the functional equivalent of interrogation." The trial court held a *Jackson-Denno* hearing before trial regarding the statement's admissibility, and determined that Boyd's statement to the deputy was an unsolicited admissible comment. We affirm a trial court's finding that a defendant's statement was made freely and voluntarily unless it is clearly erroneous, *Daniel v. State*, 268 Ga. 9, 10 (2) (485 SE2d 734) (1997), and here Boyd offered nothing to rebut the deputy's testimony, which the trial court clearly found credible. This enumeration is without merit.

4. Finally, Boyd argues that the trial court erred in sentencing him under the recidivist statute, OCGA § 17-10-7, arguing that the State failed to show that he voluntarily and knowingly waived his right against compulsory self-incrimination or his right to confront his accusers. Boyd failed to make that argument, however, before the trial court at trial or in his motion for new trial. At trial he argued that his four prior felonies should be considered as two prior felonies because he only pled guilty twice, each time to two different counts. Because Boyd's argument was not raised before the trial court, he has waived his right to argue it on appeal. It is well established that an appellant cannot on appeal raise and request a ruling on a ground of argument that he did not make before the trial court. *Stone v. State*, 229 Ga. App. 367, 371 (2) (494 SE2d 48) (1997).

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED FEBRUARY 23, 2010.

*Jeffrey B. Shattuck*, for appellant.
*Peter J. Skandalakis*, District Attorney, *Monique L. Fouque*, *Timothy M. Marlow*, Assistant District Attorneys, for appellee.