## S13G0198. VON THOMAS v. THE STATE.
### (748 SE2d 446)

BLACKWELL, Justice.

Jerry von Thomas was convicted of a felony and sentenced to a term of imprisonment, and because he previously had been convicted of three other felonies, he was sentenced pursuant to OCGA § 17-10-7 (c) as a recidivist. Years later, von Thomas moved the sentencing court to vacate his sentence, claiming that he should not have been sentenced as a recidivist because he was denied the assistance of counsel in connection with one of his prior convictions. The sentencing court denied his motion on the merits, and the Court of Appeals affirmed, also on the merits. *Thomas v. State*, 317 Ga. App. 696 (732 SE2d 780) (2012). The sentencing court, however, had jurisdiction of the motion only to the extent that von Thomas presented a cognizable claim that his sentence was void. We granted certiorari to consider whether von Thomas presented any such claim, and we conclude that he did not. For that reason, his motion should have been dismissed for want of jurisdiction, and no court should have reached the merits. Accordingly, we vacate the decision of the Court of Appeals and remand for the motion to be dismissed.

1. In August 2006, von Thomas entered a plea of guilty on an accusation by which he was charged with unlawful possession of methamphetamine. The State previously had given notice of its intent to seek a recidivist sentence pursuant to OCGA § 17-10-7 (c), which then provided as follows:

> Except as otherwise provided in subsection (b) of this Code section, any person who, after having been convicted under the laws of this state for three felonies or having been convicted under the laws of any other state or of the United States of three crimes which if committed within this state would be felonies, commits a felony within this state other than a capital felony must, upon conviction for such fourth offense or for subsequent offenses, serve the maximum time provided in the sentence of the judge based upon such conviction and shall not be eligible for parole until the maximum sentence has been served.

OCGA § 17-10-7 (c) (2006).[1] In support of a recidivist sentence, the State presented evidence at the sentencing hearing that von Thomas

---

[1] Since then, OCGA § 17-10-7 has been amended several times, and subsection (c) no longer applies to a sentence imposed for simple possession of a controlled substance in violation

previously had been convicted of three felonies. First, the State proved, von Thomas had been convicted in 1999 of unlawful possession of cocaine. Second, in 2004, von Thomas had been convicted of unlawful possession of methamphetamine. Third, also in 2004, von Thomas had been convicted of unlawful possession of methamphetamine with intent to distribute. Based upon these prior convictions, the sentencing court imposed a recidivist sentence pursuant to OCGA § 17-10-7 (c), sentencing von Thomas to imprisonment for a term of 12 years without the possibility of parole, followed by 18 years of probation.

In June 2011, von Thomas returned to the sentencing court and filed a motion to vacate his sentence. In support of that motion, von Thomas alleged that he unlawfully was denied the assistance of counsel in connection with his 1999 conviction for possession of cocaine.[2] Accordingly, he argued, the 1999 conviction did not count for recidivist sentencing purposes, and the sentencing court was, therefore, without authority in 2006 to impose a recidivist sentence. When the sentencing court took up the motion to vacate, it first considered its own jurisdiction and concluded that it had jurisdiction of the motion: "As [von Thomas] has set forth a cognizable reason why his sentence may be void, this Court has jurisdiction to modify [his] sentence if it so finds." The sentencing court then considered the merits of the motion, however, and found that von Thomas was, in fact, represented by counsel at the time he entered the plea upon which the 1999 conviction was based, and for that reason, he had not been denied the assistance of counsel. Accordingly, the sentencing

of OCGA § 16-13-30 (a). See OCGA § 17-10-7 (b.1) (2013) ("Subsections (a) and (c) of this Code section shall not apply to a second or any subsequent conviction for any violation of subsection (a), paragraph (1) of subsection (i), or subsection (j) of Code Section 16-13-30."). It is undisputed, however, that OCGA § 17-10-7 (c) might properly have applied to a sentence for simple possession of methamphetamine at the time the sentence in this case was imposed.

[2] About the 1999 conviction, it appears from the record that von Thomas pled guilty in 1997 to unlawful possession of cocaine, but the court in that case allowed him to enter his plea under the First Offender Act, OCGA § 42-8-60 et seq., and it put von Thomas on probation and withheld any adjudication of guilt pending his completion of the term of probation. See OCGA § 42-8-60 (a) (1) (1997) ("Upon a verdict or plea of guilty or a plea of nolo contendere, but before an adjudication of guilt, in the case of a defendant who has not been previously convicted of a felony, the court may, without entering a judgment of guilt and with the consent of the defendant . . . [d]efer further proceeding and place the defendant on probation as provided by law . . . ."). At the time von Thomas entered his plea, he was represented by counsel. But two years later, von Thomas was brought before the court again, this time on a petition to revoke his probation and enter an adjudication of guilt. In a proceeding in which von Thomas was not represented by counsel, he admitted that he had violated the terms of his probation, the court revoked his probation under the First Offender Act, and the court entered an adjudication of guilt and judgment of conviction for unlawful possession of cocaine. See OCGA § 42-8-60 (b) (1999) ("Upon violation by the defendant of the terms of probation . . . the court may enter an adjudication of guilt and proceed as otherwise provided by law.").

court denied the motion to vacate. Von Thomas appealed, and the Court of Appeals affirmed on the merits and without any discussion of the jurisdictional question.[3] *Thomas*, 317 Ga. App. at 697-698. We then granted certiorari, directing the parties to brief, in addition to the merits, whether the claim asserted by von Thomas in his motion really amounted to a claim that his sentence was void. We turn now to that question.

2. When a sentencing court has imposed a sentence of imprisonment, its jurisdiction to later modify or vacate that sentence is limited.[4] The sentencing court generally has jurisdiction to modify or vacate such a sentence only for one year following the imposition of the sentence.[5] OCGA § 17-10-1 (f). But a sentencing court has jurisdiction to vacate a void sentence *at any time. Rooney v. State*, 287 Ga. 1, 2 (2) (690 SE2d 804) (2010). See also *Harper v. State*, 286 Ga. 216, 217, n. 1 (1) (686 SE2d 786) (2009); *Williams v. State*, 271 Ga. 686, 688-689 (1) (523 SE2d 857) (1999). In this case, von Thomas filed his motion to vacate his sentence nearly five years after the sentence was imposed. Accordingly, the sentencing court had jurisdiction of his motion only to the extent that it presented a cognizable claim that the sentence was void. For the reasons that follow, we conclude that it presented no such claim.

As we have explained before, "[a] sentence is void if the court imposes punishment that the law does not allow." *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991) (citation omitted). See also *Rooney*, 287 Ga. at 2 (2); *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004); *Williams*, 271 Ga. at 690 (2). Whether a sentence amounts to "punishment that the law does not allow" depends not upon the existence or validity of the factual or adjudicative predicates for the sentence, but whether the sentence imposed is one that legally

---

[3] On the merits, the Court of Appeals held that von Thomas had no right to the assistance of counsel at the 1999 revocation proceeding in which his conviction was entered, see note 2, supra, and even if he had such a right, he waived it. *Thomas*, 317 Ga. App. at 697-698. Because we conclude that the Court of Appeals never should have reached the merits, we express no opinion about the correctness of its alternative holdings on the merits.

[4] Probationary sentences are different, and the sentencing court can modify a probationary sentence at any time during the term of the probation. OCGA § 42-8-34 (g). Although von Thomas was given a split sentence — 12 years of imprisonment, followed by 18 years on probation — the portion of the sentence about which he complains is the term of imprisonment, as to which he is ineligible for parole under OCGA § 17-10-7 (c). Moreover, von Thomas is still serving the imprisonment portion of his sentence, and his probation has not yet commenced. Consequently, the undisputed jurisdiction of the sentencing court during the term of his probation to modify the probationary portion of his sentence is not at issue.

[5] If an appeal is taken from the judgment of conviction and sentence, and if the judgment and sentence are affirmed, the sentencing court has jurisdiction to modify or vacate the sentence for 120 days after its receipt of the remittitur of the appellate court, even if a year has passed since the imposition of the sentence. OCGA § 17-10-1 (f).

follows from a finding of such factual or adjudicative predicates. For instance, a lawful sentence can be imposed only upon the adjudicative predicate of a lawful conviction. See *Nazario v. State*, 293 Ga. 480, 487 (2) (c) (746 SE2d 109) (2013) ("[To] allow the defendant to serve a sentence for a criminal conviction that has been identified as illegal and void would not comport with fundamental fairness and due process of law."). Nevertheless, we have held in several cases that a defendant cannot assert a claim that his conviction was unlawful in an untimely motion to vacate his sentence simply by dressing it up as a claim that his sentence was void. See, e.g., *Simpson v. State*, 292 Ga. 764, 765 (740 SE2d 124) (2013); *Williams v. State*, 287 Ga. 192, 194 (695 SE2d 244) (2010). Instead, a claim that a conviction was unlawful must be asserted by a motion for new trial, direct appeal from the judgment of conviction, extraordinary motion for new trial, motion in arrest of judgment, or petition for the writ of habeas corpus. See *Nazario*, 293 Ga. at 488 (2) (d); *Simpson*, 292 Ga. at 765. Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides. See, e.g., *Smith v. State*, 322 Ga. App. 549, 552 (2) (745 SE2d 771) (2013); *Phillip v. State*, 313 Ga. App. 302, 303 (721 SE2d 214) (2011); *Crane v. State*, 302 Ga. App. 422, 424 (2) (b) (691 SE2d 559) (2010).

Recidivist sentencing is no different. The existence and validity of three prior felony convictions are necessary predicates to the imposition of a recidivist sentence under OCGA § 17-10-7 (c), see *Davis v. State*, 319 Ga. App. 501, 504 (2) (736 SE2d 160) (2012), as is timely notice that the State intends to assert such convictions in aggravation of sentence. See OCGA § 17-16-4 (a) (5) (notice requirement for defendants who opt into statutory reciprocal discovery, formerly contained in OCGA § 17-10-2 (a) for all defendants). Nevertheless, both this Court and our Court of Appeals have held that a defendant can waive a claim that the State did not give proper notice of prior convictions used in aggravation of sentence. See, e.g., *Young v. State*, 290 Ga. 392, 400 (9) (721 SE2d 855) (2012); *Hightower v. State*, 287 Ga. 586, 594 (10) (698 SE2d 312) (2010); *Armstrong v. State*, 264 Ga. 237, 239 (3) (442 SE2d 759) (1994); *Williams v. State*, 301 Ga. App. 731, 733 (3) (688 SE2d 650) (2009); *Battise v. State*, 295 Ga. App. 833, 835 (1) (673 SE2d 262) (2009); *Thompson v. State*, 294 Ga. App. 768, 770 (2) (670 SE2d 226) (2008). Both courts have held that a defendant can waive a claim that the State failed to prove the existence of a prior conviction by admissible evidence. See, e.g., *Grimes v. State*, 293 Ga. 559, 562 (3) (748 SE2d 441) (2013); *Moret v.*

*State*, 246 Ga. 5, 5-6 (3) (268 SE2d 635) (1980); *Wells v. State*, 313 Ga. App. 528, 529 (1) (722 SE2d 133) (2012); *Johnson v. State*, 268 Ga. App. 1, 7 (2) (601 SE2d 392) (2004). Both courts have held that a defendant can waive a claim that such a prior conviction is invalid because it was entered upon a guilty plea that was not knowing and voluntary. See, e.g., *Barrow v. Barker*, 287 Ga. 145, 145-146 (695 SE2d 24) (2010); *Robinson v. State*, 283 Ga. 229, 231 (2) (657 SE2d 822) (2008); *Tharpe v. State*, 262 Ga. 110, 113 (8) (416 SE2d 78) (1992); *Spencer v. State*, 260 Ga. 640, 649 (10) (b) (398 SE2d 179) (1990); *Dunham v. State*, 315 Ga. App. 901, 905 (3) (729 SE2d 45) (2012); *Boyd v. State*, 302 Ga. App. 455, 457 (4) (691 SE2d 325) (2010); *Thompson*, 294 Ga. App. at 771 (3); *Harden v. State*, 239 Ga. App. 700, 701 (2) (521 SE2d 829) (1999); *McKay v. State*, 234 Ga. App. 556, 560 (3) (507 SE2d 484) (1998). And most important for the purposes of this case, both courts have held that a defendant can waive a claim that such a prior conviction is invalid because the defendant was denied the assistance of counsel in connection with the conviction. *Hampton v. State*, 289 Ga. 621, 627 (6) (713 SE2d 851) (2011) ("[W]hile Hampton objected to the court's consideration of [prior] uncounseled pleas [in aggravation of punishment], he did not obtain a ruling on his objection and therefore failed to preserve the issue for appeal." (citation omitted)). See also *McKisic v. State*, 238 Ga. 644, 646-647 (5) (234 SE2d 908) (1977); *Rucker v. State*, 304 Ga. App. 184, 187 (2) (b) (i) (695 SE2d 711) (2010); *Cody v. State*, 275 Ga. App. 140, 142 (4) (619 SE2d 811) (2005); *Price v. State*, 223 Ga. App. 185, 191 (11) (477 SE2d 353) (1996); *Johnson v. State*, 191 Ga. App. 810, 811 (6) (383 SE2d 146) (1989); *Golden v. State*, 177 Ga. App. 747, 747 (341 SE2d 480) (1986). Because such claims can be waived, they necessarily do not amount to claims that the sentence imposed was void, inasmuch as "a sentence which is not allowed by law is void[,] and its illegality *may not be waived.*" *Funderburk v. State*, 276 Ga. 554, 556 (2) (580 SE2d 234) (2003) (citation omitted; emphasis added). See also *Nazario*, 293 Ga. at 487 (2) (c) ("[I]llegal sentences have never been subject to general waiver rules.").

There are a few cases in which our Court of Appeals has held that certain objections concerning prior convictions used as predicates for recidivist sentencing could not be waived because the objections went to whether the sentencing court had "impos[ed] a sentence that the law will not allow, and a challenge to such [a] void sentence cannot be waived by the failure to object." *Headspeth v. State*, 266 Ga. App. 414, 415 (c) (597 SE2d 503) (2004) (citation omitted). See also *Johnson v. State*, 298 Ga. App. 639, 644 (4) (680 SE2d 675) (2009); *Swan v. State*, 276 Ga. App. 827, 830 (2) (625 SE2d 97) (2005). But none of those cases involved a claim about the existence or validity of the prior convictions. Instead, they involved claims about the effect or use of

the prior convictions — assuming the existence and validity of the convictions — in the imposition of a recidivist sentence, such as claims that a prior conviction under the First Offender Act could not be used in aggravation of sentence, claims that a prior conviction for which the sentence had been suspended could not be used, and claims that a prior conviction could not be used in aggravation of sentence because it had been "used up" to prove an element of a crime for which the sentence was to be imposed. See, e.g., *Williams*, 287 Ga. at 193 (citing *Thompson*, 294 Ga. App. at 768 (1) (addressing a "used up" claim) as an example of a void sentence challenge, i.e., that the sentence imposed was not allowed by law); *Cook v. State*, 305 Ga. App. 516, 517 (1) (699 SE2d 831) (2010); *Johnson*, 298 Ga. App. at 645 (4) (b); *Wyche v. State*, 291 Ga. App. 165, 167 (3), n. 2 (661 SE2d 226) (2008); *Swan*, 276 Ga. App. at 830 (2); *Allen v. State*, 268 Ga. App. 519, 534 (6) (602 SE2d 250) (2004); *Headspeth*, 266 Ga. App. at 415 (c). Cf. *State v. Slaughter*, 289 Ga. 344 (711 SE2d 651) (2011) (this Court granted certiorari to consider the merits of a "used up" claim raised in a motion that alleged a void sentence, but we did not address whether such a claim could be waived or amounted to a void sentence claim). But see *Thomas v. State*, 305 Ga. App. 801, 803 (2) (701 SE2d 202) (2010) (where a "used up" claim was deemed waived). These cases are, therefore, distinguishable and in no way inconsistent with our decision today.[6]

Von Thomas argues that *Nash v. State*, 271 Ga. 281 (519 SE2d 893) (1999), compels a different result, but we disagree. In *Nash*, we said that "the burden is on the State to prove both the existence of the prior guilty pleas [used in aggravation of sentence] and that the defendant was represented by counsel in all felony cases and those misdemeanor proceedings where imprisonment resulted." 271 Ga. at 285 (citations omitted). But the context in which *Nash* was decided is important in understanding what we meant by our decision. Before *Nash*, Georgia law was understood to put the burden upon the State to prove not only the existence of a prior conviction upon entry of a guilty plea and that the plea was entered with counsel, but also that it was entered knowingly and voluntarily. See *Pope v. State*, 256 Ga. 195, 209 (17) (345 SE2d 831) (1986). At least with respect to cases other than death penalty cases, that understanding changed with *Nash*, in which we decided — in light of the presumption of regularity of judgments — that the defendant ought to bear the burden of

---

[6] We offer no opinion about whether these cases were correctly decided by the Court of Appeals. Because they are distinguishable and consistent with our decision today, we need not consider their correctness.

production at sentencing with respect to whether a prior guilty plea was entered knowingly and voluntarily. *Nash*, 271 Ga. at 284. But even under *Pope*, the State had a burden to show that a plea was knowing and voluntary only to the extent that the defendant "raises the issue" at the sentencing in which the earlier plea and conviction is offered in aggravation of sentence. Id. at 282 (citing *Pope*); *Pope*, 256 Ga. at 209 (17). See also *Spencer*, 260 Ga. at 649 (10) (b); *Bailey v. State*, 198 Ga. App. 632, 634 (4) (402 SE2d 363) (1991); *Mincey v. State*, 186 Ga. App. 839, 841 (4) (368 SE2d 796) (1988). Although *Nash* shifted the burden of production to the defendant with respect to the knowing and voluntary entry of a plea — and left the burden with the State with respect to the existence of the conviction and that a plea was entered with counsel — nothing in *Nash* suggests that we meant to alter the rule that the burdens arose only when the defendant disputed the use of a prior conviction in aggravation of sentence. See *Nash*, 271 Ga. at 284 (altering *Pope*'s distribution of burden "when the defendant seeks under *Boykin v. Alabama* . . . to challenge the validity of a prior guilty plea used to enhance a sentence in such proceedings"). And as we noted earlier, in numerous cases decided since *Nash*, this Court and the Court of Appeals have held that objections to the validity of prior convictions used in aggravation of sentence — including objections that the defendant was denied the assistance of counsel in connection with the prior convictions — can be waived. See, e.g., *Hampton*, 289 Ga. at 627 (6); *Rucker*, 304 Ga. App. at 187 (2) (b) (i); *Cody*, 275 Ga. App. at 142 (4). Nothing about our decision today changes or is inconsistent with our holding in *Nash*.

3. In his motion to vacate his sentence, von Thomas did not assert a claim that his sentence was void, meaning that it was a sentence that the law did not allow. Accordingly, the sentencing court was without jurisdiction to vacate his sentence, and neither the sentencing court nor the Court of Appeals ought to have reached the merits of the motion. For these reasons, we vacate the decision of the Court of Appeals, and we remand this case to the Court of Appeals with direction to vacate the decision of the sentencing court and to remand to the sentencing court for dismissal of the motion.

*Judgment vacated, and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 9, 2013.

*David C. Abbott*, for appellant.

*Lee Darragh, District Attorney, Wanda L. Vance, Assistant District Attorney*, for appellee.

