# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1179.  JOSEPH CLUFF DAWKINS v. THE STATE.**

Joseph Cluff Dawkins pled guilty to one count of possession of a firearm by a convicted felon and two counts of criminal damage to property.  On October 11, 2012, the trial court entered an order sentencing Dawkins to four years' imprisonment, followed by five years on probation.  On November 11, 2013, Dawkins filed a motion for sentence modification.  The trial court denied the motion, and Dawkins appeals.  We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Dawkins filed his motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004)  A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013).  "Motions to vacate a void sentence generally are limited to claims that—even assuming the existence and validity of the conviction for which the sentence was imposed—the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."  Id. at 572 (2).

Dawkins sought sentence modification on four grounds: (1) that the state failed to show a factual basis for the criminal damage to property counts; (2) that there was no evidence that the damaged property was worth more than $500; (3) that he should not have been sentenced separately for crimes that were all part of one criminal act;

and (4) that he received ineffective assistance of counsel.  These arguments, however, are challenges to the validity of Dawkins's convictions, not his sentence.  As the Supreme Court has made clear, a post-conviction motion to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed.  See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).

Because Dawkins did not raise a colorable void-sentence claim, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/18/2014
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

Stephen E. Castlen                        *, Clerk.*