# Court of Appeals
# of the State of Georgia

ATLANTA,   April 01, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1099.  DESHAWN R. THOMAS v. THE STATE.**

On October 13, 2011, Deshawn R. Thomas pled guilty to numerous offenses, including burglary and theft by taking.  Over two years later, Thomas filed a motion to modify his sentence, asserting that he was needed to care for relatives, was repentant, and posed no threat to society.  The trial court denied the motion, and Thomas filed a notice of appeal on January 27, 2014.  We lack jurisdiction for two reasons.

First, to be timely, a notice of appeal must be filed within 30 days after entry of an appealable order.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997).  Here, Thomas filed his notice of appeal 83 days after the order was entered.

Second, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A sentence is void only if it imposes punishment that the law does not allow.  *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013). Here, Thomas does not allege that his sentence is void, and thus the trial court's denial of his motion is not subject to direct appeal.  See *Frazier*, supra at 349.  For these reasons, we lack jurisdiction, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/01/2014
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*Stephen E. Castlen* *, Clerk.*