# Court of Appeals
# of the State of Georgia

ATLANTA,    April 02, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1192.  KENTRAL WARD v. THE STATE.**

In October 2009, Kentral Ward pled guilty to armed robbery. Over three years later, Ward filed a pro se "Motion to Alter and Amend and Request for Order," requesting an order regarding the application of OCGA § 17-10-7 (d) to his conviction.[1] The trial court construed the motion as one for sentence modification, which the trial court dismissed. Ward seeks to appeal this ruling.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Ward filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." Id. at 572 (2).

---

[1] This Code section provides that "[f]or the purpose of [recidivist sentencing], conviction of two or more crimes charged on separate counts of one indictment or accusation, or in two or more indictments or accusations consolidated for trial, shall be deemed to be only one conviction."

Here, nothing in Ward's motion may be construed as raising a valid void sentence argument. Thus, the trial court's dismissal of his motion is not subject to direct appeal. See *Frazier*, supra at 349. For these reasons, we lack jurisdiction, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,* 04/02/2014
         *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
         *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*