# Court of Appeals
# of the State of Georgia

ATLANTA,   December 04, 2014

*The Court of Appeals hereby passes the following order:*

**A15A0651. ANDRE HEAGGINS v. THE STATE.**

Andre Heaggins pled guilty to armed robbery and two counts of aggravated assault on November 15, 2010. He was sentenced to serve 12 years concurrently on all counts. On March 12, 2014, Heaggins filed a pro se motion to re-sentence, which the trial court denied on August 13, 2014. Heaggins filed his notice of appeal on September 18, 2014. We lack jurisdiction for two reasons.

First, to be timely, a notice of appeal must be filed within 30 days after entry of the appealable order.  See OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. See *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). Because Heaggins filed his notice of appeal 36 days after entry of the trial court's order, his appeal is untimely.

Second, a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See OCGA § 17-10-1 (f)*; Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

Here, Heaggins challenges the fairness of his sentence based on the new sentencing scheme allowing a judge to depart from a mandatory minimum sentence when a prosecuting attorney and defendant have agreed to a sentence below the mandatory minimum. See OCGA § 17-10-6.1 (e). Heaggins does not contend that his

sentence exceeds the statutory maximum, and, as the trial court noted in its order, Heaggins failed to show that the prosecuting attorney agreed to any sentence below the mandatory minimum. Heaggins, therefore, has failed to raise a valid void-sentence claim.  See *Jones*, supra; *Von Thomas*, supra. Because Heaggins did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal.  See *Frazier*, supra at 349.

Based on the foregoing, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
         *Clerk's Office, Atlanta,*_____ 12/04/2014 _____
         *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
                  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*