# Court of Appeals
# of the State of Georgia

ATLANTA,  June 03, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1709.  TERRY USHER v. THE STATE.**

A jury found Terry Usher guilty of multiple offenses, including armed robbery, aggravated assault and kidnapping. Usher appealed following the denial of his motion for new trial, and this Court affirmed his convictions in an unpublished opinion. See *Usher v. State*, Case Number A11A0705, decided June 20, 2011. Several years later, Usher filed a pro se motion to vacate a void sentence, arguing the trial court improperly sentenced him as a recidivist. Specifically, Usher asserted that two earlier cocaine convictions should have been considered a single offense for purposes of recidivist sentencing. The trial court denied the motion, and Usher appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had when Usher filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). A sentence is void only if it imposes punishment that the law does not allow. *von Thomas v. State*, 293 Ga. 569, 571 (2) (748 SE2d 446) (2013). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." Id. at 572 (2).

Here, Usher has failed to raise a valid void sentence claim.  As noted by the trial court, Usher had five previous felonies used in aggravation of sentencing.

Accordingly, the trial court was authorized to sentence him as a recidivist notwithstanding any alleged error in failing to consolidate two of the convictions. See OCGA § 17-10-7 (c) (holding that a person having been convicted of three or more felonies shall be sentenced to serve the maximum time provided). Thus, the trial court's dismissal of his motion is not subject to direct appeal. Under these circumstances, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _____06/03/2015_____
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*