# Court of Appeals
# of the State of Georgia

ATLANTA,___June 15, 2015_____

*The Court of Appeals hereby passes the following order:*

**A15A1793.  OTHA DAVID RUTLEDGE, JR. v. THE STATE.**

In 1994, Otha Rutledge, Jr. was convicted of possession with intent to distribute and obstruction of an officer.  He was sentenced to life imprisonment.  In 2015, Rutledge filed a Motion for Sentence Modification Reduction, which the trial court denied.  Rutledge then filed this appeal.  We, however, lack jurisdiction.

A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010).  Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  And a sentence is void only if it imposes punishment that the law does not allow.  *von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

In this case, Rutledge does not contend that his sentence exceeds the statutory maximum.  He has, therefore, failed to raise a valid void-sentence claim.  See *Jones*, supra; *von Thomas*, supra. Because Rutledge did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal.  See *Frazier*, supra at 349.  Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,_____06/15/2015_____
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.