# Court of Appeals
# of the State of Georgia

ATLANTA,  June 05, 2015

*The Court of Appeals hereby passes the following order:*

**A15A1515. JAMES B. HARRIS v. THE STATE.**

In 2012, James B. Harris pled guilty to several offenses, including child molestation. He was sentenced to a total of 15 years, with 12 years to serve. In 2014, Harris filed a Motion to Correct an Illegal and/or Void Sentence, arguing that the trial court should have exercised its discretion to deviate downward from the statutory minimum sentence. The trial court denied Harris's motion, and he then filed this appeal. We, however, lack jurisdiction.

A trial court has limited authority to modify a sentence after it is imposed. Pursuant to OCGA § 17-10-1 (f), a sentencing court may modify a sentence within 1 year of its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a sentencing court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 571 (748 SE2d 446) (2013).

In this case, Harris does not contend that his sentence exceeds the statutory maximum. He has, therefore, failed to raise a valid void-sentence claim. See *Jones*, supra; *Von Thomas*, supra. Because Harris did not raise a colorable argument that his sentence is void, the trial court's denial of his motion is not subject to direct appeal. See *Frazier*, supra at 349. Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*____06/05/2015____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*