# Court of Appeals
# of the State of Georgia

ATLANTA,___May 09, 2016_____

*The Court of Appeals hereby passes the following order:*

**A16A1500.  STEPHON WILLIAMS v. THE STATE.**

In 1986, Stephon Williams was convicted of distributing marijuana and sentenced to ten years with three to serve. In 2016, Williams filed a "Motion to Vacate/Set Aside Judgment," arguing that his attorney failed to appear for trial and thus his conviction was void because it was obtained in violation of his constitutional right to counsel. Williams – who is incarcerated in Florida – failed to appear at the hearing, and the trial court dismissed the motion. Williams filed this direct appeal.

A direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void.  See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Williams does not argue that his ten-year sentence exceeded the maximum allowable punishment for distribution of marijuana. Rather, he contends that his *conviction* is void. This contention does not constitute a valid *void sentence* claim. See id. (challenges to the validity of a conviction must be raised by either a motion for new trial, a direct appeal, an extraordinary motion for new trial, a motion in arrest of judgment, or petition for writ of habeas corpus). Because Williams has not raised a colorable void sentence claim, we lack jurisdiction to consider this appeal,

which is hereby DISMISSED. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* __05/09/2016__
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*