# Court of Appeals
# of the State of Georgia

ATLANTA,  January 30, 2017

*The Court of Appeals hereby passes the following order:*

**A17D0241. LINDSEY NELSON, JR. v. THE STATE.**

In 2001, a jury found Lindsey Nelson, Jr., guilty of burglary with intent to commit theft, burglary with intent to commit terroristic threats, and terroristic threats. The trial court merged the second burglary count into the first burglary count for sentencing purposes. Nelson appealed, and we affirmed his convictions. *Nelson v. State*, 277 Ga. App. 92 (625 SE2d 465) (2005). In 2016, Nelson filed a motion to correct a void and illegal sentence, arguing that his terroristic threat conviction should have merged with his burglary conviction. The trial court denied the motion, and Nelson filed this application for discretionary appeal. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a trial court may modify only a void sentence. Id.  And a sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Nelson contends that the trial court should have merged his sentences for burglary and terroristic threats. But such a merger argument is a challenge to his convictions, not to his sentence. See *Williams v. State*, 287 Ga. 92 (695 SE2d 244)

(2010). Moreover, this Court has already ruled that the trial court did not err in refusing to merge the convictions. *Nelson*, 277 Ga. App. at 99 (4). Because Nelson has not raised a valid void-sentence claim, we lack jurisdiction to consider his application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  01/30/2017  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*