# Court of Appeals
# of the State of Georgia

ATLANTA, ___July 25, 2017___

*The Court of Appeals hereby passes the following order:*

**A17A2053. CHARLES WILLIAMS v. THE STATE.**

In 2015, Charles Williams pled guilty to burglary and was sentenced as a recidivist to fifteen years. Two years later, Williams filed a pro se motion to vacate void sentence, alleging that the State had not provided an appropriately certified copy of his prior convictions, as required to support his recidivist sentence. After the trial court denied Williams's motion, he filed this appeal.

A direct appeal may lie from an order denying a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). The Supreme Court has held that waiveable challenges to a recidivist sentence, including "a claim that the State failed to prove the existence of a prior conviction by admissible evidence[,]" do not constitute valid void-sentence claims. See *VonThomas v. State*, 293 Ga. 569, 572-573 (2) (748 SE2d 446) (2013). Because Williams has not raised a colorable void-sentence argument, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,___07/25/2017___*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*