# Court of Appeals
# of the State of Georgia

ATLANTA, March 13, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1158. JAMES G. WILLIAMS v. THE STATE.**

In 2000, James G. Williams was convicted of armed robbery and sentenced as a recidivist to life without parole. We affirmed his conviction on direct appeal. *Williams v. State*, 253 Ga. App. 458 (559 SE2d 516) (2002). In 2017, Williams filed a "Motion to Vacate and Correct Void and Illegal Sentence," which the trial court denied. Williams appeals, but we lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as it has here, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Williams does not argue that his sentence exceeds the most severe punishment allowed by law for armed robbery. Instead, he claims that he received ineffective assistance of counsel because his lawyer failed to object to the State's untimely notice of a prior guilty plea used to enhance his sentence. This, however, is not a colorable

void-sentence claim.  See id. at 572-573 (2) (argument that the State failed to prove the existence of a prior conviction by admissible evidence does not present a claim that an ensuing enhanced sentence is void).

In the absence of a colorable void-sentence claim, we lack jurisdiction over this appeal, which is hereby DISMISSED.  See *Burg*, 297 Ga. App. at 119.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   03/13/2018*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


, *Clerk.*