# Court of Appeals
# of the State of Georgia

ATLANTA,  March 05, 2019

*The Court of Appeals hereby passes the following order:*

**A19A1431. CHARLES RAY DYE v. THE STATE.**

In 2011, Charles Ray Dye pled guilty to one count of enticing a child for indecent purposes, and he was sentenced to ten years with six months to serve and the remainder on probation.[1] In 2018, Dye filed a motion to correct a void sentence, arguing that OCGA § 16-6-5 (b) mandated a sentence of eleven years. According to Dye, his void sentence rendered his plea contract unenforceable. The trial court denied Dye's motion, and he appeals.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Contrary to Dye's contention, a ten-year sentence is authorized for the offense of enticement of a child for indecent purposes. See OCGA § 16-6-5 (b) (a person convicted of enticing a child for indecent purposes "shall be punished by

---

[1] His probation was later revoked, and he was ordered to serve the balance of his sentence.

imprisonment for not less than ten nor more than 30 years."). Accordingly, Dye has not raised a colorable void sentence claim, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/05/2019  *
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

    *Stephen E. Castlen*      *, Clerk.*