# Court of Appeals
# of the State of Georgia

ATLANTA,_ July 08, 2019_____

*The Court of Appeals hereby passes the following order:*

**A19A1580. ANTHONY PUGH v. THE STATE.**

In 1993, Anthony Pugh was convicted of armed robbery, aggravated assault, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. He was sentenced to life in prison. This Court affirmed his convictions in 1994. *Pugh v. State*, 214 Ga. App. 470 (448 SE2d 16) (1994). In February 2018, Pugh filed a pro se motion to correct a void sentence. The trial court denied Pugh's motion, and he appeals.

A direct appeal may lie from an order denying a motion to vacate or correct a void sentence only if the defendant raises a colorable claim that the sentence is, in fact, void. *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus, when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). At the time of Pugh's crimes, the armed robbery statute provided: "A person convicted of the offense of armed robbery shall be punished by death or imprisonment for life or by imprisonment for not less than five nor more than 20 years." Former OCGA § 16-8-41 (b). Pugh's life sentence therefore fell within the statutory range.

Pugh argued that the trial court improperly relied on his 1990 conviction for

possession of a firearm by a convicted felon to support both his 1993 conviction for the same crime and his recidivist sentence. However, the trial court was authorized to sentence Pugh to a life sentence notwithstanding any recidivism. Pugh has therefore not raised a colorable void sentence claim, and this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,__07/08/2019_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.