# Court of Appeals
# of the State of Georgia

ATLANTA, May 05, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0367. MARCUS BROWN v. THE STATE.**

Following the revocation of his probation, Marcus Brown filed a motion to vacate a void sentence, arguing that the trial court unlawfully enhanced his sentence. On October 17, 2019, the trial court dismissed the motion for lack of jurisdiction, and Brown appealed. We dismissed the appeal based on Brown's failure to comply with the discretionary application procedure. See *Brown v. State*, Case No. A20A1232, decided Feb. 14, 2020. Brown then filed a "Motion to set Aside the Judgment/Motion for Reconsideration," requesting that the trial court reconsider its ruling. The trial court denied the motion, and Brown filed this application for discretionary appeal. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582 (420 SE2d 393) (1992). This statutory deadline is jurisdictional, and we cannot accept an application for appeal not made in compliance with OCGA § 5-6-34 (d). *Boyle v. State*, 190 Ga. App. 734 (380 SE2d 57) (1989). Arguably, Brown had a right to seek discretionary review of the trial court's order denying his motion to vacate a void sentence.[1] He did not do so. Although Brown filed a motion for reconsideration, the denial of a motion for reconsideration of an appealable order or judgment is not itself

---

[1] "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

appealable and does not extend the time for filing a notice of appeal or an application for appeal. See *Campbell v. State*, 192 Ga. App. 316 (385 SE2d 14) (1989); *Savage v. Newsome*, 173 Ga. App. 271 (326 SE2d 5) (1985).

Here, Brown's application is untimely as to October 2019 order and invalid as to the order denying reconsideration. We thus lack jurisdiction over this application for discretionary appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  05/05/2020
  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



               *, Clerk.*