# Court of Appeals
# of the State of Georgia

ATLANTA,  June 08, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0744. KENNEDY SMITH v. THE STATE.**

In 2006, a jury convicted Kennedy Smith of burglary, kidnapping, rape, and two counts of robbery. He was sentenced to serve a total of 90 years in confinement, 20 years each on the burglary, kidnapping, and rape counts, and 15 years each on the robbery counts with all sentences to be served consecutively. Smith's convictions were affirmed on appeal. See *Kennedy v. State*, 287 Ga. App. 222 (651 SE2d 133) (2007). In 2014, Smith filed a motion to set aside a void sentence, which was denied by the trial court. Smith appealed, but his appeal was dismissed as untimely. See Case No. A15A0015 (decided Sept. 18, 2014). In 2020, Smith filed a motion to correct a void sentence, which the trial court denied. Smith then filed this direct appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, this statutory period expires, a trial court may modify only a void sentence. Id. A sentence is void if the court imposes punishment that the law does not allow. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in § 17-10-1 (f). See id. Thus, "[m]otions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." See *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013)  Moreover, a direct appeal does

not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

Smith has not raised a colorable claim that his sentences are void. In his motion, Smith does not claim his sentences exceed the statutory maximum, but merely states that his sentences are void without explanation. In fact, Smith's sentences all fall within the statutory ranges of permissible punishments for the crimes of which he was convicted. Because Smith has not raised a valid void-sentence claim, he is not entitled to a direct appeal. Accordingly, this case is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,   06/08/2021*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen