# Court of Appeals
# of the State of Georgia

ATLANTA,  February 10, 2022

*The Court of Appeals hereby passes the following order:*

## A22A0779. WILLIAM BERRY v. THE STATE.

In 2014, William Berry pled guilty to three counts of armed robbery, three counts of aggravated assault, three counts of possession of a firearm during the commission of a felony, and two counts of possession of a firearm by a convicted felon. For the purpose of sentencing, the trial court merged each aggravated assault charge into its related armed robbery charge. In 2021, Berry filed a motion to correct an illegal sentence, arguing that the trial court had improperly merged his armed robbery and firearm possession charges. Related to this motion, Berry subsequently filed motions for a calendar date, to "cease case transfer," for "altered plea relief," and for resentencing. The trial court denied these motions, finding that Berry's sentence was not void. He appeals.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Berry filed his motion, a trial court may modify a sentence only if it is void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). And a sentence is void only when the trial court imposes punishment that the law does not allow, "most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). A direct appeal does not lie from the denial of a motion to vacate a void sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga.

App. at 348.

Here, Berry has failed to raise a colorable claim that his sentence is void. Although he asserts that the trial court improperly merged his armed robbery and firearm possession charges, the sentence sheet shows that the court actually merged his armed robbery and aggravated assault charges. Thus, Berry's factual premise is incorrect. Because he has not raised a colorable void sentence claim, this appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  02/10/2022*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*