# Court of Appeals
# of the State of Georgia

ATLANTA, December 06, 2024

*The Court of Appeals hereby passes the following order:*

## A25A0389. ANTHONY JAMES PHILLIPS v. THE STATE.

In 2020, Anthony James Phillips pleaded guilty to exploitation of an elder person and two counts of financial transaction card fraud and was sentenced to twenty years probation, ten of which were suspended. In July 2023, Phillips filed a motion to correct a void sentence, arguing that the trial court did not orally pronounce that he was being sentenced as a recidivist. The trial court denied his motion on March 28, 2024, and Phillips filed his notice of appeal on May 15, 2024. We lack jurisdiction for two reasons.

First, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). Id.; see *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from a trial court order rejecting a request to modify a

sentence filed outside the statutory time period unless the defendant raises a colorable claim that the sentence is, in fact, void. See *Frazier*, 302 Ga. App. at 348. Phillips's argument that the trial court failed to orally pronounce that he was being sentenced as a recidivist has no bearing on whether his sentences fall within the statutory ranges of punishments for the offenses of which he was convicted and therefore does not state colorable void-sentence claims. See *von Thomas*, 293 Ga. at 572 (2); *Jones*, 278 Ga. at 670; *Frazier*, 302 Ga. App. at 348.

Second, even if a direct appeal were proper, Phillips's appeal is untimely. A notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38 (a). Here, however, Phillips filed his notice of appeal 48 days after entry of the trial court's order. The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court. *Ebeling v. State*, 355 Ga. App. 469, 469 (844 SE2d 518) (2020). Accordingly, for these reasons, this appeal is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,   12/06/2024   *

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*