308 Ga. 312
FINAL COPY

S20A0115.  MOORE v. THE STATE.

ELLINGTON, Justice.

In this murder case, the trial court summarily denied Marcus Moore's motion for an out-of-time appeal from his convictions arising from a guilty plea. The trial court later sua sponte dismissed Moore's notice of appeal from the order denying his motion for an out-of-time appeal, based on its determinations that the judgment was not then appealable and that the questions presented had become moot. Moore filed a timely notice of appeal from the dismissal order. Because trial courts are not authorized to dismiss appeals for the reasons given in the dismissal order, we reverse that order. And because the record shows that the trial court failed to conduct a factual inquiry into the allegations in Moore's motion for an out-of-time appeal, as required under the circumstances, we vacate the order denying his motion for an out-of-time appeal and remand to the trial court for consideration of the merits of the motion.

1. On February 12, 2019, the Superior Court of Richmond County sua sponte dismissed Moore's notice of appeal from the court's order denying Moore's motion for an out-of-time appeal, based on its determinations that the judgment was not then appealable and that the questions presented had become moot, citing OCGA § 5-6-48 (b) (2) and (3).[1] As we have explained, however, "trial courts ought not dismiss appeals" because "[a]n appellate court is the sole authority in determining whether a filed notice of appeal or discretionary application is sufficient to invoke its jurisdiction." *Jones v. Peach Trader Inc.*, 302 Ga. 504, 506 (II) (807 SE2d 840) (2017) (citations and punctuation omitted). Although the trial court cited grounds for dismissing Moore's appeal that are authorized under OCGA § 5-6-48 (b), the three specific reasons for

---

[1] OCGA § 5-6-48 (b) provides:

No appeal shall be dismissed or its validity affected for any cause nor shall consideration of any enumerated error be refused, except:

(1) For failure to file notice of appeal within the time required as provided in this article or within any extension of time granted hereunder;

(2) Where the decision or judgment is not then appealable; or

(3) Where the questions presented have become moot.

dismissing an appeal under that Code section all relate "to dismissals by the appellate courts." *Jones*, 302 Ga. at 509 (II) (citation and punctuation omitted). Because Georgia law does not contemplate the dismissal of an appeal under that Code section by a trial court, the trial court erred in dismissing Moore's notice of appeal. Id. at 507-511 (II). Therefore, we reverse that order, and Moore's appeal challenging the order denying his motion for an out-of-time appeal is now before us. See id. at 511 (II).

2. "A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued." *Collier v. State*, 307 Ga. 363, 364 (1) (834 SE2d 769) (2019). Where a defendant alleges that he was deprived of an appeal of right that he otherwise would have pursued by his counsel's constitutionally deficient performance in providing advice about or acting upon such appeal, that alleged violation "is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984)." *Collier*, 307 Ga. at 365 (1) (citation and punctuation

omitted).

> With respect to the first component of the *Strickland* standard, the defendant must show that his appeal of right was lost as a consequence of his counsel's deficient performance, and the trial court must make a factual inquiry into those allegations. With respect to the second component of the *Strickland* standard, the defendant is required to demonstrate only that there is a reasonable probability that, but for counsel's deficient performance, he would have timely appealed.

Id. at n.1(citations and punctuation omitted). Because the trial court must make a factual inquiry into a defendant's allegations that his appeal of right was lost as a consequence of his counsel's deficient performance, "[a] trial court abuses its discretion when it fails to make such a factual inquiry." Id. (citation and punctuation omitted). Furthermore, because prejudice is presumed if a criminal defendant is deprived of an appeal of right that he otherwise would have pursued by his counsel's failures, a defendant cannot be required to identify any meritorious issue he would have raised in a hypothetical appeal in order to be entitled to an out-of-time appeal. Id. Finally, a defendant has an unqualified right to appeal directly from a judgment of conviction entered on a guilty plea, and these

principles therefore apply even when a conviction arises from a guilty plea rather than from a jury verdict or bench trial. Id.

The record shows the following with regard to Moore's convictions and his motion for an out-of-time appeal. In 2001, Moore was tried in Richmond County for the murders of two victims, the aggravated assaults of two other victims, and four related firearms charges. The State sought the death penalty for one of the murders. At the end of the guilt-innocence phase of the bifurcated trial, the jury returned guilty verdicts on all counts. Moore then changed his plea to guilty pursuant to a negotiated plea offer according to which he would be sentenced to life in prison without parole for one malice murder count, with consecutive sentences for the remaining seven counts. In 2014, Moore filed pro se a motion for an out-of-time appeal, alleging that he was deprived of his right to a direct appeal due to the ineffectiveness of his counsel, in that, "[i]mmediately following the jury's verdict of guilty relative to the guilt-innocence phase" of his death-penalty trial on August 15, 2001, he "clearly and adamantly informed his trial counsel that he wanted to appeal the

judgment of conviction entered against him," and that neither of his trial attorneys ever filed an appeal. The record shows no responsive pleading from the State and no indication that there was any hearing on Moore's motion.

The trial court denied Moore's motion for an out-of-time appeal on November 5, 2018, giving no explanation. In the court's February 2019 order dismissing Moore's timely notice of appeal from the November 2018 order, however, the trial court indicated its reasons for denying Moore's motion for an out-of-time appeal. The court noted that, in 2011, post-conviction counsel had filed a motion to correct a void sentence, based on *Roper v. Simmons*, 543 U. S. 551 (125 SCt 1183, 161 LE2d 1) (2005), as to the murder conviction for which Moore had been sentenced in 2001 to life without parole. In *Roper*, the United States Supreme Court ruled that the Eighth and Fourteenth Amendments forbid imposition of the death penalty on an offender who was under the age of 18 when his crimes were committed. Id. at 578 (IV). The trial court denied Moore's motion to correct void sentence, but this Court reversed, holding that the

sentencing plea agreement entered into by Moore, consenting to imposition of a life sentence without parole, was void as a sentence not allowed by law, because Moore was 17 years old at the time of the crimes, and remanded for entry of a legal sentence. *Moore v. State*, 293 Ga. 705, 706-708 (2) (749 SE2d 660) (2013).[2] On May 21, 2014, the trial court resentenced Moore to life in prison for the count of malice murder at issue and left all other sentences intact.

On October 10, 2014, four months after resentencing, Moore filed his motion for an out-of-time appeal. Four years passed before the trial court summarily denied that motion without receiving a responsive pleading from the State or giving Moore a hearing. In the February 2019 order, the trial court determined that Moore's motion for an out-of-time appeal was premised on trial counsel's failure to pursue Moore's appeal on the seven counts of his original sentence, "which were not addressed in *Moore*, 293 Ga. 705 (2013)." The trial

---

[2] Cf. *Kimbrough v. State*, 300 Ga. 516, 519-520 (3) (796 SE2d 694) (2017) (disapproving *Moore* to the extent that it may be read as precluding a life without parole sentence in cases where the recidivist-sentencing statutes require a sentence of life without parole).

court found that Moore's

> post-conviction counsel did in-fact [sic], appeal his sentence and successfully had [Moore's] sentence declared void by the Supreme Court of Georgia. At the direction of the Supreme Court, [Moore] was re-sentenced under a plea negotiated by his *post-conviction counsel. . . .* Because the original sentence was deemed void and [Moore] was re-sentenced entirely, any challenge to trial counsel's failure to appeal his original sentence is not appealable and questions presented regarding the original sentence have become moot.

Despite Moore's successful challenge to the *sentence* imposed for one of his eight convictions, however, the record as summarized above shows that Moore has never directly appealed any of his 2001 *convictions.* See *Williams v. State,* 287 Ga. 192, 193-194 (695 SE2d 244) (2010) (noting distinction between challenges to convictions and challenges to sentences).[3] Because the trial court was required to make a factual inquiry into Moore's allegations in his 2014 motion for an out-of-time appeal that his appeal of right was lost as a

---

[3] See also *von Thomas v. State,* 293 Ga. 569, 572 (748 SE2d 446) (2013) (A challenge to a sentence as void asserts that, even assuming the existence and validity of the conviction for which the sentence was imposed, the law does not authorize that sentence, "most typically because it exceeds the most severe punishment for which the applicable penal statute provides." (citations omitted)).

consequence of his counsel's deficient performance, the trial court abused its discretion when it denied Moore's motion without making such a factual inquiry. *Collier*, 307 Ga. at 365 (1) n.1; see *Ringold v. State*, 304 Ga. 875, 879 (823 SE2d 342) (2019) (counsel's performance is deficient where counsel fails to follow the defendant's express instructions with respect to an appeal). Nothing in the record shows that the State asserted any defense or objection to Moore's motion in the trial court.[4] Because the trial court abused its discretion when it denied Moore's motion for an out-of-time appeal without making the required factual inquiry, we vacate the order denying his motion and remand to the trial court for consideration on the merits of Moore's motion for an out-of-time appeal.

*Judgment reversed in part and vacated in part, and case*

---

[4] In its appellate brief, the State argues that Moore waived appellate review of his convictions as part of his plea bargain. That argument should be made in the first instance in the trial court, not in this Court; an appeal waiver does not automatically preclude an out-of-time appeal. See *Garza v. Idaho*, __ U. S. __ (II) (D) (139 SCt 738, 747, 203 LE2d 77) (2019) ("[W]e reaffirm that, when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit, regardless of whether the defendant has signed an appeal waiver [as part of his guilty plea agreement]." (citation and punctuation omitted)).

*remanded. Melton, C. J., Nahmias, P. J., and Blackwell, Boggs, Peterson, Warren, and Bethel, JJ., concur.*

DECIDED MARCH 13, 2020.

Out-of-time appeal. Richmond Superior Court. Before Judge Flythe.

Marcus Moore, *pro se.*

*Natalie S. Paine, District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew B. Crowder, Assistant Attorney General*, for appellee.