**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

***DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.***

**February 22, 2022**

# In the Court of Appeals of Georgia

A22A0181. SMITH v. THE STATE.

BARNES, Presiding Judge.

Proceeding pro se, Erik Smith appeals from the trial court's order denying his motion for an out-of-time appeal. For the reasons set forth below, we vacate the trial court's order and remand for the court to apply the correct legal analysis in addressing Smith's claim that his right to an appeal was frustrated by the ineffective assistance he received from his plea counsel.

The record shows that Smith was indicted on two counts of enticing a child for indecent purposes, two counts of aggravated child molestation, four counts of child molestation, aggravated sexual battery, incest, and giving false information to a law enforcement officer. On May 14, 2019, Smith entered a negotiated plea of guilty to three counts of the indictment: enticing a child for indecent purposes, child

molestation, and incest. Per the plea agreement, the trial court dismissed the remaining counts. At the conclusion of the plea hearing, Smith expressly waived his right to withdraw his guilty plea and agreed to proceed with sentencing on a subsequent date.

On June 12, 2019, the trial court conducted the sentencing hearing. Under the terms of the plea agreement, Smith's total sentence on the three counts to which he pled guilty would be capped at 40 years, to serve 25 years in confinement and the remainder on probation, but Smith could request that the trial court impose a lesser sentence. At the sentencing hearing, the State requested that the trial court impose the maximum possible sentence under the capped negotiated plea of 40 years, to serve 25 years in confinement and the remainder on probation, while Smith requested that the court impose a 10-year sentence. After hearing from the parties and the victim, the trial court sentenced Smith to the maximum sentence under the plea agreement, as requested by the State. At the conclusion of the sentencing hearing, the trial court informed Smith that he had 30 days "to file any motions for post-judgment relief" and that there was a 4-year statute of limitation for filing a habeas corpus petition, but the court did not address the possibility of filing an appeal from the judgment of conviction and sentence entered on the guilty plea or the time period for doing so.

On February 18, 2021, Smith filed a pro se motion for an out-of-time appeal from the judgment of conviction and sentence entered on his guilty plea, which he later amended. In his motion, as amended, Smith contended, among other things, that his appeal from the judgment had been frustrated by the ineffective assistance he received from his plea counsel.

On June 30, 2021, the trial court conducted an evidentiary hearing on Smith's motion for an out-of-time appeal. At the hearing, Smith asserted that after he was sentenced, he told his plea counsel that he wanted to appeal, but counsel never filed a notice of appeal. In contrast, plea counsel testified that he did not recall Smith asking him to file an appeal on his behalf. According to plea counsel, when he spoke with Smith after the sentencing hearing, Smith expressed dissatisfaction with his sentence and wanted it lowered, but counsel did not believe that there was a viable procedural mechanism available for challenging only the sentence, given that, in his estimation, the sentence was neither void nor otherwise unlawful.

Following the evidentiary hearing, the trial court entered its order denying Smith's motion for an out-of-time appeal, concluding that Smith had failed to establish ineffective assistance of his plea counsel. In the "Conclusions of Law" section of its order, the trial court stated:

In considering an out of time appeal from a negotiated guilty plea, a defendant must show he lost his right to appeal as a result of counsel's deficient performance and that but for counsel's deficient performance he would have timely appealed. *Davis v. Slate*, 310 Ga. 547 (852 SE2d 517) (2020). Based upon the evidence, the Court cannot find the Defendant asked for an appeal or had any ground for appeal after sentencing. Defendant's concern was only that his sentence be less than the sentence given, which was the cap for the negotiated plea. Defendant made a knowing and intelligent plea with the knowledge and understanding of the consequences of his plea. Under these circumstances, the Court cannot find trial counsel was deficient in any way, and he did not breach his professional duty under a totality of the circumstances. There is no evidence trial counsel improperly induced the Defendant to enter a guilty plea. However, assuming the trial counsel was deficient, the Court cannot find any grounds for an appeal or that the Defendant wanted to appeal. The Defendant's concern was for a lower sentence. The sentence in the case was exactly the cap set for the negotiated plea, and it cannot be said this sentence was improper or not authorized. The record shows that trial counsel investigated the case, and the Defendant affirmatively wanted to enter a plea and not go to trial.

On appeal, Smith contends that the trial court erred in concluding that he failed to establish ineffective assistance of his plea counsel and thus in denying his motion for an out-of-time appeal. According to Smith, his plea counsel failed to adequately

4

consult with him about an appeal after his sentencing and disregarded his request that an appeal be filed.

"We review a trial court's denial of a motion for an out-of-time appeal for an abuse of discretion." *Burley v. State*, 308 Ga. 650, 651 (842 SE2d 851) (2020). Relying on *Roe v. Flores-Ortega*, 528 U. S. 470 (120 SCt 1029, 145 LE2d 985) (2000), the Supreme Court of Georgia has set out the proper legal analysis for addressing a defendant's motion for an out-of-time appeal from the judgment of conviction and sentence entered on his guilty plea, where the defendant contends that his failure to file a timely appeal was the result of ineffective assistance of counsel. Specifically, our Supreme Court has explained:

> A criminal defendant is entitled to an out-of-time appeal if his counsel's constitutionally deficient performance deprived him of an appeal of right that he otherwise would have pursued. . . . If the constitutional violation alleged by the defendant is ineffective assistance of counsel in providing advice about or acting upon an appeal of right, that violation is reviewed under the familiar standard of *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). To meet his burden of proving that counsel's ineffectiveness deprived him of his right to an appeal, the criminal defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant. . . . This standard applies whether a defendant seeks an out-of-time appeal from a final

5

judgment of conviction entered following a trial or following a guilty plea.

(Citations and punctuation omitted.) *Collier v. State*, 307 Ga. 363, 364-366 (1) (834 SE2d 769) (2019). See *Ringold v. State*, 304 Ga. 875, 879 (823 SE2d 342) (2019), overruled in part on other grounds by *Collier*, 307 Ga. at 366-367 (1).

As to the deficiency prong of the *Strickland* test, a court first must determine "whether counsel consulted with the defendant about an appeal – that is, whether counsel advised the defendant about the advantages and disadvantages of taking an appeal, and made a reasonable effort to discover the defendant's wishes." (Citation and punctuation omitted.) *Ringold*, 304 Ga. at 879. If counsel adequately consulted with the defendant about an appeal, counsel performed deficiently "only if he failed to follow the defendant's express directions with respect to an appeal." (Citation and punctuation omitted.) Id.

In contrast, if counsel did not consult with the defendant regarding an appeal, the relevant question is "whether counsel's failure to consult with the defendant itself constituted deficient performance." (Citation and punctuation omitted.) *Ringold*, 304 Ga. at 879. In answering that question, courts must remain mindful that

[c]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. To make that determination, the trial court must take into account all the information that counsel knew or should have known. For example, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. . . . Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

(Citations and punctuation omitted.) Id. at 879-880.

As to the prejudice prong of the *Strickland* test, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Citation and punctuation omitted.) *Ringold*, 304 Ga. at 881. The defendant is not required to

show that he would have actually prevailed in a timely appeal, [or] . . . specify the points he would raise were his right to appeal reinstated, as it is unfair to require an indigent, perhaps pro se, defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Instead, when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant is entitled to an appeal because he effectively has been deprived of an appellate proceeding altogether.

(Citations and punctuation omitted.) Id.

Guided by these principles, we conclude that the trial court abused its discretion in denying Smith's motion for an out-of-time appeal because the court failed to apply the correct legal analysis in addressing Smith's ineffective assistance claim. In analyzing the deficiency prong of the *Strickland* test, the trial court did not make any findings or otherwise address whether counsel adequately consulted with Smith about an appeal, which is the "the first question that must be answered" because it affects how the deficiency analysis is then conducted, as detailed above. *Ringold*, 304 Ga. at 879. For example, if the trial court were to find that plea counsel did not adequately consult with Smith about the advantages and disadvantages of an appeal, the court would need to determine whether counsel had a duty to consult with

8

Smith, either because a rational defendant would have wanted to appeal or because Smith reasonably demonstrated to counsel that he was interested in appealing. See id. In contrast, if the trial court were to find that plea counsel did adequately consult with Smith, the court would need to determine whether counsel failed to follow Smith's express instructions regarding an appeal. See id. However, the trial court did not engage in this analysis because the court never determined in the first instance whether plea counsel adequately consulted with Smith.

Furthermore, in analyzing the prejudice prong of the *Strickland* test, the trial court determined that Smith had no grounds for an appeal because his sentence was legally proper and in accord with the negotiated plea agreement. But, as previously noted, whether Smith actually could prevail on the merits on appeal from the judgment of conviction and sentence entered on his guilty plea is not the appropriate inquiry in addressing the prejudice prong. See *Ringold*, 304 Ga. at 881. "[B]ecause prejudice is presumed if a criminal defendant is deprived of an appeal of right that he otherwise would have pursued by his counsel's failures, a defendant cannot be required to identify any meritorious issue he would have raised in a hypothetical appeal in order to be entitled to an out-of-time appeal." *Moore v. State*, 308 Ga. 312, 314 (2) (840 SE2d 353) (2020). Rather, the trial court should have limited its

prejudice analysis to answering whether there was a reasonable probability that, if plea counsel had adequately consulted with Smith about an appeal, Smith would have timely appealed. See *Ringold*, 304 Ga. at 881.

Lastly, in addressing both the deficiency and prejudice prongs of the *Strickland* test, the trial court found that Smith was only concerned with his sentence and treated this finding as supporting its conclusion that Smith had not established ineffective assistance by his plea counsel. However, a criminal defendant who pleads guilty may challenge the legality of his sentence by means of a direct appeal from the judgment entered on his conviction and sentence. See OCGA § 5-6-33 (a) (1) ("[T]he defendant in any criminal proceeding in the superior, state, or city courts . . . may appeal from any sentence, judgment, decision, or decree of the court, or of the judge thereof in any matter heard at chambers."); *Ringold*, 304 Ga. at 884 (3) (Nahmias, P. J., concurring) ("The General Assembly has provided in plain language that criminal defendants may appeal their judgments of conviction and sentence . . . without any distinction as to whether the judgment results from a guilty plea or a verdict after trial."). Thus, the fact that Smith expressed dissatisfaction over his sentence would lend support to his ineffective assistance claim, not vice versa. See *Thompson v. United States*, 504 F3d 1203, 1208 (11th Cir. 2007) (concluding that defendant demonstrated that his plea

10

counsel was ineffective for failing to file an appeal, where, among other things, the defendant expressed that he was "unhappy" with the sentence he received after pleading guilty).

An abuse of discretion occurs if the trial court "significantly misapplies the law." *Oliver v. State*, 329 Ga. App. 377, 379 (765 SE2d 606) (2014). See *State v. Pickett*, 288 Ga. 674, 679 (2) (d) (706 SE2d 561) (2011). That is the situation here, where the trial court did not apply the correct legal analysis enunciated in *Collier* and *Ringold* and reached the erroneous legal conclusion that Smith failed to prove ineffective assistance because he was only dissatisfied with his sentence. Accordingly, we vacate the trial court's order and remand for the court to apply the proper legal analysis as set out in this opinion.

*Judgment vacated and case remanded with direction. Brown and Hodges, JJ., concur.*

11